IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, | ) ) ) ) | 2:05-cv-2382-GEB-DAD |
| Plaintiff, | ) ) | |
| SIMS GROUP U.S.A., INC., a corporation, | ) ) ) | STATUS (PRETRIAL SCHEDULING) ORDER |
| Defendant. | ) ) ) | |

The status (pretrial scheduling) conference scheduled in this case for March 20, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

/////

/////

/////

/////

/////

/////

/////

1

1          <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>[1]

2          All defendants have been served and no further service is

3 permitted, except with leave of Court, good cause having been shown.

4          No further joinder of parties or amendments to pleadings is

5 permitted, except with leave of Court, good cause having been shown.

6                              <u>DISCOVERY</u>

7          All discovery shall be completed by September 20, 2007.  In

8 this context, "completed" means that all discovery shall have been

9 conducted so that all depositions have been taken and any disputes

10 relative to discovery shall have been resolved by appropriate orders,

11 if necessary, and, where discovery has been ordered, the order has

12 been complied with or, alternatively, the time allowed for such

13 compliance shall have expired.[2]

14          Each party shall comply with Federal Rule of Civil Procedure

15 26(a)(2)'s initial expert witness disclosure and report requirements

16

17

_____

18          [1]    Plaintiff's statements that it "intends to amend [the]
19 complaint to name the individual persons responsible for the violations
   at issue" and "to add claims under California Health & Safety Code
20 section 25249.5 <u>et seq</u>." (JSR at 3) are too imprecise to except the
   referenced possible amendments from the "good cause" standard. "Parties
21 anticipating possible amendments . . . have an 'unflagging obligation'
   to alert the Rule 16 scheduling judge of the . . . timing of such
22 anticipated amendments in their status reports so that the judge can
   consider whether such amendments may properly be sought solely under the
23 Rule 15(a) standard, and whether structuring discovery pertinent to the
   parties' decision whether to amend is feasible." <u>Jackson v. Laureate,</u>
24 <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

25          [2]    The parties are advised that the Magistrate Judges in the
26 Eastern District are responsible for resolving discovery disputes.  <u>See</u>
   Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
27 discovery-related matters to the Magistrate Judge assigned to this case.
   A party conducting discovery near the discovery "completion" date runs
28 the risk of losing the opportunity to have a judge resolve discovery
   motions pursuant to the Local Rules.

2

on or before April 20, 2007, and with the rebuttal expert disclosures
authorized under the Rule on or before May 21, 2007.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be November 19,
2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-
230(b).  Opposition papers shall be filed in accordance with Local
Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
consent to the motion and the Court may dispose of the motion
summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's

---

[3]    This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

        The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

        The final pretrial conference is set for January 22, 2008,
at 1:30 p.m.  The parties are cautioned that the lead attorney who
WILL TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing in propria persona must attend the pretrial conference.

        The parties are warned that non-trialworthy issues could be
eliminated sua sponte "[i]f the pretrial conference discloses that no
material facts are in dispute and that the undisputed facts entitle
one of the parties to judgment as a matter of law." Portsmouth Square
v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

        The parties shall file a JOINT pretrial statement with the
Court not later than seven (7) days prior to the final pretrial
conference.[4]  The joint pretrial statement shall specify the issues
for trial.  The Court uses the parties' joint pretrial statement to
prepare its final pretrial order and could issue the final pretrial
order without holding the scheduled final pretrial conference.  See
Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

---

        [4]    The failure of one or more of the parties to participate in
the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.</u>

<u>TRIAL SETTING</u>

Trial is set for April 22, 2008, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause.**

1  **Counsel are cautioned that a mere stipulation by itself to change**

2  **dates does not constitute good cause.**

3           IT IS SO ORDERED.

4  Dated:  March 14, 2006

5                                    /s/ Garland E. Burrell, Jr.

6                                    GARLAND E. BURRELL, JR.
                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28